**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| RICKEY MCGEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 9:25-CV-238 |
| | § | |
| OFFICER AMINDONG, | § | |
| | § | |
| Defendant. | § | |

**ORDER PARTIALLY ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Rickey McGee, a prisoner confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Officer Amindong.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge. The magistrate judge recommends granting Defendant's Motion for Partial Dismissal to the extent that Defendant is sued in his official capacity for alleged constitutional violations and denying the motion with respect to the intentional tort and medical claims.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Defendant filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). In the Motion for Partial Dismissal, Defendant

argued in a cursory manner that the claim of intentional infliction of emotional distress was barred by sovereign immunity. The magistrate judge noted that Plaintiff had sued an individual defendant, not a government entity, and that Defendant had not argued that the claim should be construed as a claim against a state agency because his actions were taken within the scope of his employment. The magistrate judge also noted that it was unclear whether the claim could have been brought against the agency because the Texas Tort Claims Act (TTCA) does not waive immunity for intentional torts. Because Defendant failed to address those issues, the magistrate judge recommended denying the motion with respect to the claim of intentional infliction of emotional distress. Citing *Franka v. Velasquez*, 332 S.W.3d 367 (Tex. 2011) for the first time in his objections, Defendant now argues the claim of intentional infliction of emotional distress should be dismissed under the TTCA because the alleged incident took place within the scope of his employment, even though the TTCA does not allow a remedy for intentional torts. After due consideration, the court is of the opinion that Defendant's objection is meritorious and the intentional infliction of emotional distress claim should be dismissed.

**ORDER**

Accordingly, the report and recommendation of the magistrate judge (#7) is **PARTIALLY ADOPTED**. Defendant's Motion for Partial Dismissal (#6) is **GRANTED** to the extent that the

official capacity and intentional tort claims are **DISMISSED**. The motion is **DENIED** with respect to Plaintiff's claim that Defendant was deliberately indifferent to his serious medical needs.

SIGNED at Beaumont, Texas, this 11th day of September, 2026.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE